## Jake Richards *v.* Town of Magnolia.

[56 South. 386.]

1. MUNICIPAL CORPORATIONS. *Ordinances. Code* 1906, *sections* 3410, 3406, 3329, 3441.

 Under Code of 1906, section 3410, so providing a municipality may by general ordinance, provide that all offenses under the penal laws of the state, of the grade of misdemeanors, shall be offenses against the city, and such ordinance will not be void because in conflict with Code 1906, section 3406, prohibiting an ordinance from containing more than one subject, which shall be clearly expressed in its title.

2. MUNICIPAL CORPORATIONS. *Ordinances. Subjects and title.*

 An ordinance entitled "An ordinance declaring all violations of the penal laws of the state of Mississippi under the Code of 1906 be and the same are hereby declared a violation of the ordinances of the town of Magnolia," is not invalid where it deals only with offenses amounting to a misdemeanor, as Code 1906, section 3406, only required that the subject of the ordinance "be clearly expressed" in the title and such an ordinance clearly expresses its subject in the title.

3. EVIDENCE. *Judicial notice.*

 The courts will take judicial notice of the public statutes of the state.

4. MUNICIPAL CORPORATIONS. *Presumptions.*

 Where a town was incorporated when the Code of 1892 was adopted and became the law of the state, in the absence of proof to the contrary, the court will presume that such town is under the general law of the state and operating under the municipal chapter of the Code.

5. MUNICIPAL CORPORATIONS. *Ordinances. Misdemeanors.*

 Code 1906, section 3329, which by virtue of section 3441, is made applicable to all municipalities, gives the power to adopt ordinances prohibiting within the corporate limits the commission of any act which amounts to a misdemeanor under the laws of the state.

APPEAL from the circuit court of Pike county.

HON. D. M. MILLER, Judge.

Jake Richards was convicted of unlawful retailing under an ordinance of the town of Magnolia and appeals.

The facts are fully stated in the opinion of the court.

*G. Q. Whitfield,* for appellant.

It is now the contention of the defendant that the ordinance should not have been introduced for the conclusive reason that on its face it is absolutely void, and that an ordinance in precisely the identical language has been condemned and declared null and void by the Mississippi supreme court in the case of *Town of Oakland* v. *Miller,* 43 So. 467. The only difference between this ordinance and the ordinance in that case being that the body of the ordinance in that case was void and the title of the ordinance in this case is void. But this can clearly make no difference in view of section 3406 of the Mississippi Code of 1906, which has been held to be mandatory, and which directs the attention of the board of aldermen equally to the title and to the body of the ordinance and declares that "an ordinance shall not contain more than one subject which (one) shall be clearly expressed in its title." The only authority possible for the above quoted ordinance is to be found in section 3410, Mississippi Code of 1906, which expressly limits municipalities to passing a blanket ordinance restricting the offenses to those amounting only to a misdemeanor. The ordinance in the case of the *Town of Oakland* v. *Miller* not only included misdemeanors, but all violations of the penal laws of the state of Mississippi. If the title in the Miller case had been valid it could not have rendered the body of the ordinance valid, and neither can the body of the ordinance herein render the void title valid, and so this ordinance must fall with its title as there can be no such thing as a valid ordinance with a void title, and the identical language of the title to this ordinance has been

passed upon already in the Miller case and condemned. Furthermore, if this ordinance could possibly be held valid with its title, still, in as much as it was objected to on the ground that it was incompetent, it was the duty of the district attorney to have proved the authority for the enactment of the said ordinance.

The court will notice that the circuit judge allowed the mayor, while testifying, to suspend for some time and make a search for the ordinance or resolution of the board of aldermen of the town of Magnolia electing to come under the chapter on Municipalities of the Mississippi Code, stating to the mayor that it was his opinion that it was "very necessary" and said resolution or ordinance should be found and introduced in evidence.

The court will also notice that the mayor failed after a careful search to find any such resolution, and stated that he had never seen such ordinance or resolution, and could not swear that the town of Magnolia had ever elected to come or not to come under the chapter on Municipalities in the Mississippi Code. And surely in this state of evidence even if said ordinance could be held valid, defendant could not be convicted in the absence of any proof showing the authority of the municipality for the enactment of the said blanket ordinance.    28 Cyc. 395 O (b) and cases cited; *Schott* v. *People,* 89 Ill. 195; *Alton* v. *Hartford F. Ins. Co.,* 72 Ill. 328.

*Carl Fox,* assistant attorney-general, for appellee.

The court takes judicial knowledge of the fact that the town of Magnolia is acting under the Code chapter. Code 1906, section 3443; Code 1892, section 3038; *State* v. *Govan,* 70 Miss. 535, 541.

But if the town of Magnolia had never adopted the Code chapter on Municipalities, this court would take notice of its special charter.

"Courts will judicially notice the charter or incorporating act of a municipal corporation without its being

specially pleaded, not only when it is declared to be a public statute, but when it is public or general in its nature or purposes, though there be no express provision to that effect. But the acts, votes and ordinances of the corporation are not public matters, and must, unless otherwise provided by statute, be pleaded and proved. The courts will judicially notice that a city has been incorporated under the general laws of the state.'' 1 Dillon's Municipal Corporations (5th Ed.), section 231, page 440.

The text is supported by a great number of cases.

In *Rosetto* v. *City of Bay St. Louis*, 52 So. 785, this court held that under section 3329, of the Code of 1906, which applies by section 3441, of the Code, to all municipalities whether acting under special charters or the Code chapter. The city of Bay St. Louis which was acting under special charter, had authority to enact a ''blanket'' ordinance just as was enacted by the town of Magnolia.

Although, as a maatter of fact, Magnolia is under the Code chapter, and has been since 1892, it can make no difference so far as this law is concerned whether it was acting under a special charter or under the Code chapter. In either case, it had authority to enact a ''blanket'' ordinance, which appears on page 45, of the record. The ordinance provided that ''all offenses under the penal laws of the state of Mississippi amounting to a misdemeanor, shall, when said offenses are committed within the corporate limits of the said town, be offenses against said town,'' etc. It was approved April 6, 1909, after the Laws of 1908 became effective. The Laws of 1908, therefore, against the sale of liquor, as well as the sections of the Code which had not been repealed by the Laws of 1908, became ordinances of the town of Magnolia and since these laws are more comprehensive than the ordinances adopted in 1897, by the town of Magnolia, that ordinance was superseded. The entire substance of

the ordinance of 1897 is contained in sections 1746 and 1771, of the Code of 1906, as amended by chapter 115, of the Laws of 1906.

It is contended that the "blanket" ordinance is void, because the title of the ordinance is too broad, including felonies as well as misdemeanors. Counsel contends that this is violative of section 3406, of the Code of 1906, and cites *Oakland* v. *Miller,* 43 So. Rep. 467.

Section 3406, of the Code of 1906, is in part as follows: "An ordinance shall not contain more than one subject, which shall be clearly expressed in the title." The ordinance in the case of *Oakland* v. *Miller, supra,* was an attempt to make all crimes under the state laws, offenses against the town of Oakland. It was passed in accordance with section 3410, of the Code of 1906, and was void, of course, because that section authorizes misdemeanors only under the state laws to be made offenses against municipalities. The ordinance in the case at bar applies to misdemeanors only, but its title is "An ordinance declaring all violations of the penal laws of the state of Mississippi" offenses against the town of Magnolia. The case stated, therefore, is not in point. The court there was dealing with section 3410, while here the court is asked to construe and apply section 3406.

The purpose of requiring that the title of ordinances shall express the subject, and of the corresponding constitutional provision, section 71, was, I think, to prevent the enactment of laws and ordinances under purposely misleading titles, deceiving members of the legislature, and of the municipal governing bodies, and leading them to vote for laws they would not otherwise vote for. The purpose was to prevent the slipping of "snakes" into laws and ordinances.

The "blanket" ordinance in question here contains but one subject. *Ocean Springs* v. *Green,* 77 Miss. 472. The case of *Wingfield* v. *Jackson,* 42 So. 183, in which this court decided the exact question. Section 3406 requires

that the "subject . . . shall be clearly expressed in its title." In the title of the ordinance in question, the subject is clearly expressed. No one can be misled by it. It is true that it is broader than the subject of the act, but it points straight to the subject-matter of the ordinance, and to the evils which the section was intended to prevent.

MAYES, C. J., delivered the opinion of the court.

The appellant was charged with unlawful retailing in the town of Magnolia, and was tried and convicted of same in the municipal court. From this conviction he appealed to the circuit court, and was again tried and convicted, and from this conviction prosecutes an appeal to this court.

So far as the testimony is concerned, it may be stated that the verdict of the jury is in accordance with the proof, and the action of the court in refusing to exclude the evidence and direct a verdict for the defendant was as it should have been. The only question in this case which requires discussion is that which challenges the validity of the ordinance under which appellant was convicted. Two ordinances are found in the record, one passed in 1897 and one passed in 1909; but the ordinance of 1909 is the ordinance under which appellant was tried and convicted, and the ordinance of 1897 may be left out of view, in so far as it is claimed to have any bearing on this case. The ordinance involved is as follows, viz.:

"An ordinance declaring all violations of the penal laws of the state of Mississippi under the Code of 1906 be and the same are hereby declared in violation of the ordinance of the town of Magnolia.

"Section 1. Be it ordained by the mayor and board of aldermen of the town of Magnolia, Mississippi, that all offenses under the penal laws of the state of Mississippi, amounting to a misdemeanor, shall, when said offenses are committed within the corporate limits of said town,

be offenses against the said town, and upon conviction thereof the same punishment shall be imposed as provided by the laws of the state of Mississippi with regard to such offense against the state, not in excess of the maximum penalty.

"Sec. 2.  For good and sufficient cause this ordinance shall take effect and be in full force from and after its passage.

"Approved and adopted April 6, 1909.

"JOHN A. LAMKIN, Mayor."

It is argued by counsel for appellant that this ordinance is void, because the title declares "all violations of the penal laws of the state" a violation of the ordinances of the town; whereas, the law under which this ordinance is permitted to be passed, and the ordinance itself passed in pursuance of the law, only allows the town to punish offenses against the penal laws of the state as offenses against its ordinances when such offenses are misdemeanors only.  It is claimed by appellant that because the title to this ordinance is broader than the ordinance, and broader than any ordinance that could be passed, the ordinance itself is void, though the finished ordinance is in strict conformity to the powers conferred on the town under the general law, and the case of *Oakland* v. *Miller*, 90 Miss. 275, 43 South. 467, is cited as decisive of this question.  But we think there is a wide difference between the facts of the case referred to and the facts of the case now on trial.  In the *Oakland* v. *Miller case*, the ordinance itself attempted to confer on the municipality the power to punish for "all acts punishable under the laws of Mississippi," whether felonies or misdemeanors, and this court held the ordinance void because it attempted to clothe the mayor with jurisdiction over felonies, as well as misdemeanors.  There was no question raised in that case as to the validity of the ordinance on account of its title, but because the complete and finished ordinance conferred on the mayor

a jurisdiction in excess of that which was given him under the law. In the case on trial the finished ordinance, the thing containing the assumed powers of the municipality, and by which the municipal officers are governed in imposing penalties, is strictly in accord with the power granted to the municipality. It is true that section 3406 of the Code of 1906 provides that ''an ordinance shall not contain more than one subject, which shall be clearly expressed in its title;'' but this section of the Code is in no way violated by this ordinance.

In the first place, the statute of the state (section 3410) gives express authority to the municipality to provide, ''by a general ordinance of the municipality,'' that all offenses under the penal laws of the state, amounting. to a misdemeanor, shall be offenses against the city. Where the statute itself says that so many subjects as are comprehended under the penal laws of the state, and amounting to a misdemeanor only, may be comprehended in one ordinance, adopting same as the municipal ordinances of the town, it can hardly. be contended that, when the municipality obeys the statute and passes the ordinance, the ordinance is void, because in conflict with section 3406, Code of 1906, prohibiting an ordinance from containing more than one subject. Such contentions were settled in the cases of *Winfield* v. *City of Jackson,* 89 Miss. 272, 42 South. 183, and *Chrisman* v. *City of Jackson,* 84 Miss. 787, 37 South. 1015.

In the next place, there is nothing in the title that can make the ordinance void. The statute only requires that the subject of the ordinance ''be clearly expressed'' in the title. Surely this ordinance clearly expresses its subject in the title. It is true the title is broader than the ordinance, but the title deals with all subjects contained in the ordinance. The title professes to deal with ''all penal laws'' of the state; whereas, the ordinance only deals with such as are ''misdemeanors.'' The title is not deceptive or misleading. It calls attention to the

fact that the ordinance is dealing with one subject, to wit, the penal laws of the state; and the ordinance itself is within the power of the municipality to deal with that subject. The very sweep of the title is more likely to call attention to those enacting it to the body of the ordinance than would a more restricted title. The object of the law in regard to having the title clearly expressed in the ordinance is to prevent surprise or fraud on those engaged in enacting the ordinance. It is to fairly apprise the legislators and the people of the subjects of legislation contained in the body of the legislative act or ordinance, to the end that those engaged in enacting the law may know how to vote intelligently, and those expected to obey it may be fully apprised as to what it is. If the title fairly gives notice of the subject of the ordinance, so as to reasonably give notice and lead to an inquiry into the body, that is all that is necessary. See *State* v. *Bryan,* 50 Fla. 293, 39 South. 929.

The case of *Mobile Transportation Co.* v. *City of Mobile,* 128 Ala. 335, 30 South. 645, 64 L. R. A. 333, 86 Am. St. Rep. 143, expresses what we conceive to be the true rule which should control in the construction of section 3406, Code 1906. The Constitution of the state of Alabama required that "each law should embrace but one subject which shall be described in the title." The requirements of the Alabama Constitution are practically the same as is required in section 3406 of the Code of 1906 as to municipal ordinances, and the court said: "The object of this provision of the Constitution was to prevent surprise and fraud, in passing laws under misleading titles. It should not, therefore, be construed so as to defeat, by too technical an application, legislation not clearly within the evil aimed at. If the title of an act is single, and directs the mind to the subject of the law in a way calculated to direct the attention truly to the matter which is proposed to be legislated upon, the object of the provision is satisfied. In such case the gen-

erality of a title, not defining the particulars of the pro-
posed legislation, would be more apt to excite general
attention than otherwise, since the general words would
give warning that everything within their limits might
be affected, and thus draw the attention of the whole
body of legislators, while narrower words would only
interest those concerned with the matters specially
named. It is therefore held that the generality of the
title is no objection, if it may comprehend the particu-
lars of the body of the act, and that the act must be upheld
if the subject may be comprehended in the title.''

But it is further argued that section 3410, Code of
1906, only applies to municipalities operating under the
Code chapter on municipalities, and that the record in
this case does not show that the town of Magnolia is
operating under the Code chapter. The answer to this is
twofold. In the first place, if it be conceded that this
court will not take judicial notice of the character of
charter under which a municipality in this state in oper-
ating, as to which we say nothing, the court does take
judicial notice of the public statutes of the state. When
the Code of 1892 was adopted and became the law of the
state, the town of Magnolia was an incorporated town.
By section 3035 of the Code of 1892 it was provided that,
from and after the date the chapter on municipalities
became operative, every municipality should exercise
the powers conferred on municipalities in accordance
with the Code provisions, but left any existing munici-
pality the right to decline to be governed by the Code,
provided it signified its purpose to continue to operate
under its old charter by a resolution of its corporate au-
thorities, entered of record and certified to the secretary
of state within twelve months after the law became op-
erative, that such existing municipality elected not to be
controlled by the Code laws. If any existing municipal-
ity failed to do this, it became subject to the Code laws.
Nothing in this record shows that the town of Magnolia

declined to come under the Code chapter, and this court will presume, in the absence of such showing, that the town is under the general law of the state.

Again, since the adoption of the Code of 1906, section 3329 of the Code, which by virtue of section 3441 is made applicable to all municipalities, gives the power "to adopt ordinances prohibiting within the corporate limits the commission of any act which amounts to a misdemeanor under the laws of the state." This was not a part of the Code laws under section 2938, Code 1892, which is the section corresponding to section 3329, Code 1906, but was first placed in the Code of 1906, though first adopted as the law of the state by chapter 75, acts Special Sess. 1898.

It follows, from the above, that this case is affirmed.

*Affirmed.*