KNIGHT, CHIEF OF POLICE, *v.* JOHNS.

(Division A.  Nov. 2, 1931.)

[137 So. 509.  No. 29495.]

J. M. Talbot, of Clarksville, for appellant.

**G. E. Williams,** of Clarksdale, for appellee.

**Smith, C. J.,** delivered the opinion of the court.

The city of Clarksdale adopted an ordinance forbidding barber shops "to be open for business before 7:30 in the forenoon, and/or to remain open for business after the hour of 6:30 in the afternoon," the first, fourth, fifth, and sixth sections of which the reporter will set out in full.

The appellee, who owns and operates a barber shop in the city of Clarksdale, violated this ordinance by remaining open for business after the hour of 6:30 P. M., was arrested therefor by the appellant, and released on his own recognizance pending trial. He again violated the ordinance in the same particular, was again arrested and released on his own recognizance pending trial. On being advised by the appellant that he would continue to arrest him each time he violated the ordinance, the appellee sued out a writ of injunction, restraining the appellant from further arresting the appellee for violations of the ordinance. On final hearing, the injunction was made perpetual.

One of the appellant's contentions is that an injunction will not lie to restrain prosecutions for the commission of crime.

An injunction will not ordinarily lie to restrain prosecutions for the commission of crime, but will lie in that "class of cases wherein the exercise of property rights is sought to be interfered with by repeated prosecutions under a void ordinance or statute." Edwards v. De Vance, 138 Miss. 580, 103 So. 194, 195; Fitzhugh v. City

of Jackson, 132 Miss. 585, 97 So. 190, 33 A. L. R. 279; Quintini v. Bay St. Louis, 64 Miss. 483, 1 So. 625, 60 Am. Rep. 62; Johnson v. Philadelphia, 94 Miss. 34, 47 So. 526, 19 L. R. A. (N. S.) 637, 19 Ann. Cas. 103.

The validity, vel non, of the ordinance is rested by counsel for the appellant on two grounds, one of which is that it is a reasonable regulation of the hours a barber may work continuously at his trade.

Municipalities have only such authority to adopt ordinances as is expressly or impliedly given them by the state, and we are referred to no statute under which they are authorized to regulate hours of labor; but assuming, for the purpose of the argument, that they have the authority so to do, this ordinance cannot be upheld thereunder. "Into every . . . power given a municipality to pass by-laws or ordinances there is an implied restriction that the ordinances shall be reasonable, consistent with the general law, and not destructive of a lawful business." Johnson v. Philadelphia, 94 Miss. 34, 47 So. 526, 527, 19 L. R. A. (N. S.) 637, 19 Ann. Cas. 103.

A barber's working hours can be effectually regulated, without closing the shop in which he works, by an ordinance specifically designating his hours of work. To close the shop, therefore, in order to prevent overwork by barbers therein, unnecessarily interferes with its operation, and is unreasonable.

Another reason given for the validity of the ordinance is, that it is designed to fix a reasonable time within which the city inspectors may inspect barber shops in order to ascertain whether the city's sanitary and health ordinances are there obeyed. The authority therefor is said to be sections 2396, 2417, and 4891, Code of 1930, which authorize municipalities "to make regulations to secure the general health of the municipality . . . to prevent the introduction and spread of contagious or infectious diseases;" and to "pass sanitary laws."

The city has the right of inspection reasonably necessary for the enforcement of its health and sanitary ordinances. As we understand the argument, the necessity for the barber shop closing ordinance arises because of inconvenience to the city's inspectors of inspecting such shops during the hours the ordinance requires them to be closed. It does not, and could hardly be made to, appear that such inspection must be continuous, covering every hour a barber shop is open; and to compel the closing of barber shops between certain hours, because it will be inconvenient for the city to then inspect them, when they are open at other hours amply sufficient for such inspection, would unnecessarily and unreasonably interfere with the operation thereof.

The court below committed no error in enjoining the appellant from continuing to arrest the appellee for violation of the ordinance; but in its decree it went further, and ordered the appellee released from custody. This was erroneous for two reasons: First, a writ of injunction will not lie for the release of a person in custody on a criminal charge; and, second, the appellee was not in custody, but had been released on his own recognizance.

The decree of the court below will be reversed, and a decree rendered here making the injunction perpetual, but omitting the discharge of the appellee from custody.

Reversed and decree here for the appellee.