# Town of McCool *v.* Blaine.

(Division B.   Feb. 15, 1943.)

[11 So. (2d) 801.   No. 35269.]

**J. P. Coleman**, of Ackerman, for appellant.

Rodgers & Prisock, of Louisville, for appellee.

224

**Alexander, J.**, delivered the opinion of the court.

Appellee was prosecuted for violation of an ordinance of the Town of McCool which makes it unlawful for business houses to remain open for business after eleven o'clock P. M. The ordinance is sought to be justified by Code 1930, Sec. 2406, which authorizes municipalities "to make all needful police regulations necessary for the preservation of good order and peace of the municipality and to prevent injury to, destruction of, or interference with public or private property" and contains other provisions not here applicable. The ordinance is prefaced with a finding that "the matter of certain places of business remaining open at unreasonable hours of the night-time, after usual and customary business hours, has become and is a serious menace to the preservation of good order and peace of the said Town of McCool." The ordinance contains exceptions in favor of apothecaries or druggists, as well as penal provisions. Section 1 of the ordinance is as follows: "It shall be unlawful and a violation of this ordinance for any person or persons within the corporate limits of the Town of McCool, Mississippi, to keep open or operate or allow any member of the general public to enter any store, pool room, billiard hall, gasoline filling station, garage, cafe, or other place of business usually open to the general public from and after the hours of eleven o'clock P. M., central standard wartime of any night of the year.

"And after said hour it shall be unlawful and a violation of this ordinance for any person or persons within the corporate limits of the Town of McCool, Mississippi,

to sell, give away or otherwise dispose of any goods, wares or merchandise from any place of business, and any establishment for which a privilege license is required by the Privilege Tax Laws of the State of Mississippi shall be and is a place of business within the meaning and purpose of this ordinance.''

The testimony revealed that the only places remaining open beyond the curfew limit were the grocery store of appellee and a cafe. Although there is evidence that the keeping open of the cafe tended to prolong the sojourn of persons employed in nearby establishments whose standards of decorum often became depressed by intoxication, no such causal connection is sufficiently shown between this condition and the relatively long hours kept by appellee. It is not relevant whether appellee profited by his deferred closing nor what his motive was. The only relevant inquiry must be directed to the validity of the ordinance which must be sustained, if at all, by a clear necessity for abating a condition which disturbed the good order and peace of the municipality to the extent that a regulation thereof has become reasonably necessary as an exercise of the police power. ''If . . . a statute purporting to have been enacted to protect the public health, the public morals, or the public safety, has no real or substantial relation to those objects, or is a papable invasion of rights secured by the fundamental law, it is the duty of the courts to so adjudge, and thereby give effect to the constitution.'' Mugler v. Kansas, 123 U. S. 623, 8 S. Ct. 273, 297, 31 L. Ed. 205. No emergency is seen nor alleged, nor does the evidence establish the status of the store as a nuisance.

The motive of the municipal authorities are unquestionably wholesome and worthy, but we have concluded that the ordinance, in so far as appellee is concerned, constitutes an unwarranted exercise of powers resulting in a deprivation of the property rights of appellee without due process of law. It is an unreasonable restraint of a trade not per se nor per accidens a nuisance. Cf.

Town of Kosciusko v. Slomberg, 68 Miss. 469, 9 So. 297, 12 L. R. A. 528, 24 Am. St. Rep. 281; Crittenden v. Booneville, 92 Miss. 277, 45 So. 723, 131 Am. St. Rep. 518; Fitzhugh v. City of Jackson, 132 Miss. 585, 97 So. 190, 33 A. L. R. 279; Johnson v. Philadelphia, 94 Miss. 34, 47 So. 526, 19 L. R. A. (N. S.), 637, 19 Ann. Cas. 103. Cases cited by appellant dealing with closing hours and found to be in point include Knight v. Johns, 161 Miss. 519, 137 So. 509; State v. Ray, 131 N. C. 814, 42 S. E. 960, 60 L. R. A. 634, 92 Am. St. Rep. 795; Ex Parte Mc-Carver, 39 Tex. 448, 46 S. W. 936, 42 L. R. A. 587, 73 Am. St. Rep. 946; 28 Cyc. 733; Ex parte Harrell, 76 Fla. 4, 79 So. 166, L. R. A. 1918F, 514; Saville v. Corless, 46 Utah, 495, 151 P. 51, L. R. A. 1916A, 651, Ann. Cas. 1918D, 198; Ex Parte Hall, 50 Cal. App. 786, 195 P. 975; Chaires v. City of Atlanta, 164 Ga. 755, 139 S. E. 559, 55 A. L. R. 230 with note at page 242; 37 Am. Jur. Municipal Corporations, Sec. 307, p. 961.

This case was tried upon appeal to the circuit court where appellee was discharged. An appeal was taken by the municipality under Code 1930, Section 19. The action of the trial court is affirmed.

Affirmed.