# King *v.* City of Louisville.

In Banc. Nov. 14, 1949

No. 37329 (42 So. (2d) 813)

J. Hoy Hathorn, for appellant.

**Strong & Smith,** for appellee.

**Smith, J.**

The Board of Mayor and Aldermen of the City of Louisville adopted the following ordinance:

"Section 1. Be it ordained, by the Board of Mayor and Aldermen of the City of Louisville, Mississippi, that it shall be unlawful for any person, firm, or corporation to sell, barter, exchange or give away or to have in his, her, or their possession or under his,' her, their or its control firecrackers, roman candles, torpedoes, sky-rockets, or any other explosives commonly called fire-works within the City of Louisville, Mississippi.

"Section 2. Be it further ordained, that any person, firm, or corporation violating any of this ordinance, shall upon conviction thereof, be punished by a fine of not less than $50.00 nor more than $100.00 or by imprisonment in the city jail not less than 10 days nor more than 30 days, or both such fine and imprisonment."

Appellant, a merchant of the city who, among other things, dealt in fireworks in the City of Louisville, was arrested on an affidavit charging violation of this ordinance, in the following language: "C. E. King did wilfully and unlawfully have in his possession and under his control firecrackers, roman candles, explosives, commonly called fireworks in the City of Louisville, Winston County, Mississippi, against the ordinances of the City of Louisville, State of Mississippi."

He was tried and fined in the Mayor's Court, and upon appeal to the Circuit Court was convicted, and again fined, and has appealed here. There is an agreed statement of facts in the record: that the procedure in the passage of the ordinance was regular; that appellant did have in his possession and under his control in his place of business in the City of Louisville, on the date named in the affidavit, and exhibited therein for sale, firecrackers, roman candles, and explosives commonly called fireworks; that the city contends the ordinance to be a valid, binding and legal ordinance and a reasonable regulation of police power in the prevention of fire hazards, and in controlling of nuisances, and is proper under the police power of the City of Louisville, and that the defendant presents his motion to quash to the Court.

In an opinion dictated into the record by the trial judge, he said: "The city claims only that the defendant had these fireworks in his possession. Therefore, the whole case turns on whether or not the City of Louisville has the constitutional power as an incorporated municipality to prohibit all possession of firecrackers and roman candles within the municipality. If this ordinance is unconstitutional clearly the defendant should be acquitted. If it is constitutional, the defendant admits that he did have the fireworks in his possession."

Thereupon, the court overruled the motion to quash, accordingly, and fined the appellant as stated, supra. However, the ordinance was attacked on other grounds than its lack of constitutional sanction. Among such grounds are, that the affidavit does not charge an offense punishable by the City of Louisville; that the City of Louisville does not have the authority to pass an ordinance prohibiting the possession, sale, etc. of fireworks; that the ordinance, in undertaking to outlaw the possession, sale, etc. of fireworks is void on its face for the reason that the possession, sale, etc. of fireworks is not per se a nuisance; the possession, sale, etc. of fireworks being recognized by statute as being lawful in this state,

the said municipal authorities were without authority to prohibit the possession, sale, etc. of fireworks; and, that such ordinance is not authorized by statute, either Section 3447, Code 1942, or any other section, granting municipalities authority in this connection.

Section 3411, Code 1942, is the statute authorizing the municipalities to adopt "ordinances prohibiting within the corporate limits the commisson of any act which amounts to a misdemeanor under the laws of the state." This statute further provides that a municipality may make all needful police *regulations* (italics supplied) necessary for the preservation of good order and peace of the municipality and to prevent injury to, destruction of, or interference with public or private property; to *regulate or prohibit* (italics supplied) any mill, laundry or manufacturing plant from so operating whereby the soot, cinders, or smoke therefrom, or the unnecessary noises thereof, may do damage to or interfere with the use or occupation of public or private property. It is to be noted that this section of the Code permits only two kinds of prohibition, one against mills, laundries, and manufacturing plants, in the instances enumerated, and the other against commission of state misdemeanors in the city limits adopted by ordinance as also misdemeanors against the municipality. We have held that ▊ ▊ a city has power to pass an ordinance making any act amounting to a misdemeanor, under the state laws, an offense against the municipality. Rosetto v. City of Bay St. Louis, 97 Miss. 409, 52 So. 785; Richards v. Town of Magnolia, 100 Miss. 249, 56 So. 386.

This state has no statute, which we have been able to find, or which has been called to our attention, which makes it a misdemeanor for "any person, firm, or corporation to sell, barter, exchange or give away or to have in his, her, their possession or under his, her. their, or its control firecrackers, roman candles, torpedoes. sky-rockets, or any other explosives commonly called fire-works."

The only statute in the Code dealing expressly with prohibition of fireworks is Section 2156, Code 1942, which provides that it shall be unlawful to explode any "firecrackers, roman candles, sky-rockets or any kind of fireworks in any *unincorporated town or village* (italics supplied) in this state, within three hundred yards of any railroad depot, and cotton or hay warehouse or any cotton-yard." A violation is made a misdemeanor. Obviously, this statute does not justify the ordinance of the City of Louisville under consideration before us. Louisville is an incorporated municipality. Even the foregoing section does not prohibit sale or possession of fireworks altogether, but only regulates their explosion within certain areas of the unincorporated town or village. It is to be borne in mind that the ordinance in the case at bar absolutely prohibits the sale, possession, or control of fireworks by any person, firm, or corporation throughout the municipality.

The assignment of errors on the appeal claims that the trial court erred in holding the ordinance valid; erred in pronouncing it constitutional; and erred in finding appellant guilty. On the issue of constitutionality, the case of Town of McCool v. Blaine, 194 Miss. 221, 11 So. (2d) 801, is cited by appellant, but appellee does not discuss the matter. Since in our opinion the ██ █ ordinance is invalid for the reason that it is unreasonable, and is not authorized by any state statute making the offense therein described a misdemeanor against the state, we avoid the necessity of decision of the constitutionality of the ordinance.

Let us first consider the question, is this ordinance a reasonable exercise of authorized municipal police power? Municipalities have only such authority to adopt ordinances as is granted them by the State. In determining this matter, we have held that " 'Into every . . . power given a municipality to pass by-laws or ordinances there is an implied restriction that the ordinances shall be reasonable, consistent with the general law, and not

destructive of a lawful business.' Johnson v. Town of Philadelphia, 94 Miss. 34, 47 So. 526, 527, 19 L. R. A., N. S., 637, 19 Ann. Cas. 103.'' Knight, Chief of Police v. Johns, 161 Miss. 519, 137 So. 509, 510.

 Is a merchant, having fireworks in his possession or under his control, for purposes of sale, engaged in a lawful business? We think so for two reasons, first, no state law prohibits it; and, second, a privilege tax is levied thereon by Section 9696—77, Code 1942, which supersedes Section 9508, Code 1942. The appellee argues that this is insufficient to make it a lawful business because of Section 9696, Code 1942, as brought forward in supplement as Section 9696—215. The latter provides that, ''The issuance of a privilege license, or the payment of a tax required therefor, shall not make lawful any business, employment, transaction, article or device, or the operation thereof, contrary to any statute of this state, or any ordinance of any municipality thereof.'' In support of this contention, appellee cites the slot machine case, Atkins v. State, 178 Miss. 804, 174 So. 52. However, the opinion of this Court pointed out that under Section 821, Code 1930, it was unlawful to operate any slot machine or similar devices, the one involved in that case being adjudicated to be a gambling device. There is no state law prohibiting possession of fireworks, and there is no municipal ordinance of the City of Louisville prohibiting same, unless we uphold the ordinance set out, supra, which we have stated we could not do.

Moreover, appellant cites Crittenden v. Town of Booneville, 92 Miss. 277, 45 So. 723, 131 Am. St. Rep. 518, dealing with the then operation of billiard tables and poolrooms, wherein we held that such operation was not wrong per se; and by Section 3778, Code 1906, was made the subject of a license or privilege tax; and, therefore, Code 1906, Section 3340, giving municipalities power to regulate and suppress them, authorized their prohibition only when so conducted as to become a nuisance, even though Section 3893 did provide that the payment of a

license or privilege tax shall not legalize any business. Furthermore, we there declared that powers delegated by the Legislature to municipalities are intended to be exercised in conformity to, and consistent with, the general laws of the State, and are to be construed most strongly against a power or right claimed but not clearly given, and an ordinance prohibiting a properly conducted lawful business, the subject of a license tax is void. See also Kosciusko v. Slomberg, 68 Miss. 469, 9 So. 297, 12 L. R. A. 528, 24 Am. St. Rep. 281; Ex Parte O'Leary, 65 Miss. 80, 3 So. 144, 7 Am. St. Rep. 640; City of Jackson v. Newman, 59 Miss. 385, 42 Am. Rep. 367; Knight, Chief of Police v. Johns, 161 Miss. 519, 137 So. 509.

Volume 37, Am. Jur., Municipal Corporations, Section 165, states that, "Applying the principle specifically, it has often been held that a municipality cannot lawfully forbid what the legislature has expressly licensed, authorized, permitted, or required, or authorize what the legislature has expressly forbidden." In the case of City of Amory v. Yielding, 203 Miss. 265, 34 So. (2d) 726, we held that a municipality by ordinance cannot validly expand or contract the application of a statute defining a misdemeanor. It is constantly to be borne in mind that this ordinance makes a municipal misdemeanor out of something which is not so classed by any state statute, and hence not authorized by Section 3411, Code 1942, granting municipalities power "to adopt ordinances prohibiting within the corporate limits the commission of any act which amounts to a misdemeanor under the laws of the state."

 This ordinance, furthermore, is not a regulation, but a city-wide prohibition of a lawful business. Appellant claims it is authorized by Section 3435, Code 1942, which authorizes ordinances for prevention and extinguishment of fires. An examination of this section reveals it is regulatory, and makes no reference to fire-

works. Or by Section 3447, Code 1942, governing municipal regulations to prevent fires. This latter statute grants a city the power to *"regulate* the storage of powder, pitch, turpentine, resin, hemp, hay, cotton, and all other combustible and inflammable materials . . ." (Emphasis ours.) The ordinance before us regulates nothing, but prohibits a legitimate business. The basic ingredient of fireworks is "powder", but that is only a part of the completed article, and even in dealing with the highly explosive commodity, "powder", the legislature has seen fit to empower only municipal regulation of storage. Appellee also relies on Section 3401, Code 1942, dealing with municipal regulations regarding general health, and to prevent, remove and abate nuisances. Since the Legislature has not prohibited the possession of fireworks, they are not mala prohibita, and since of themselves alone they are harmless, they are not mala in sese, we think the foregoing statutes do not authorize this prohibitory ordinance. Prohibition is not regulation but destruction. We said in Moore et al. v. Grillis, 205 Miss. 865, 39 So. (2d) 505, 509: "Regulation, it seems to us, is one thing, but prohibition of doing a thing, thereby eliminating the practice to be regulated, is another thing entirely."

Appellee cites Chappell, et al. v. City of Birmingham, 236 Ala. 363, 181 So. 906, wherein the Alabama Supreme Court is in apparent disagreement with us, but basing our opinion upon the Mississippi authorities to which we have referred above, we adhere to our views. In our discussion of regulation, as distinguished from prohibition, we are not to be taken as thereby forecasting what view we will take as to any ordinance, other than the one now before us.

We hold that this ordinance is void, because it is not in conformity to, and consistent with, the general law of the state; is unreasonable; and prohibits (so far as this record shows) a properly conducted lawful business,

the subject of a license tax. Crittenden v. Town of Booneville, supra.

We are therefore constrained to reverse the judgment of the circuit court and discharge the appellant.

Reversed and appellant discharged.