GOODIN *v.* CITY OF PHILADELPHIA.

No. 39253          November 1, 1954          75 So. 2d 279

*Clayton Lewis,* Philadelphia, for appellant.

78

*Sanford & Alford,* Philadelphia, for appellee.

ARRINGTON, J.

On October 16, 1951, the municipality of Philadelphià, Mississippi, undertook, by ordinance, to make it a criminal offense for any person, association of per-

sons, partnerships, or corporations to operate or permit to be operated "any business establishment" within the corporate limits of the municipality after ten o'clock P. M., and imposing a penalty of not more than $100.00 and thirty days in jail, or both such fine and imprisonment, for violation of said ordinance.

The ordinance then provides that any person who desires to keep his place of business open later than ten o'clock P.M. can make written application to the mayor and aldermen for such permission, and the mayor and aldermen will determine, "in their discretion," whether the "public convenience and necessity requires the said business to remain open after said time."

Appellant operated a cafe within said city. On the night of August 11, 1953, the county fair being in progress, she kept her cafe open until 10:50 o'clock P. M. She was convicted of violating said ordinance and fined $20.00. She appeals from that conviction and sentence.

She says the ordinance is invalid. In that we think she is correct. Section 3411, Mississippi Code of 1942, as amended, empowers municipalities to make all regulations necessary for the preservation of good order and peace of the municipality and to prevent injury to, or destruction of, public or private property, but it is not shown that there is any causal relationship between this sweeping ordinance and the objects set out in said section. The ordinance does not undertake, in terms, to state there is any such relationship, nor is it shown that any such exists. "A municipality has no authority, under its police power to regulate arbitrarily and unreasonably the hours of private business, conducted in a reasonable manner, under the guise of promoting the public health or general welfare of the community." 37 Am. Jur., p. 960, par. 307. This ordinance would prohibit all lawyers, doctors, and other business men keeping their offices open after ten o'clock at night. No drug store could remain open after that hour. The ordinance is void under Town of McCool v. Blaine,

194 Miss. 221, 11 So. 2d 801, and the principles set forth in King v. City of Louisville, 209 Miss. 612, 42 So. 2d 813.

The fact that one might apply for a permit does not change the result. The ordinance itself undertakes, in affirmative terms, to charge a crime. The duty is upon the municipality to charge a crime — not upon the accused to make of himself an exception. And especially is there no duty upon a citizen, as a prerequisite to his right to conduct a lawful business, to show that ''public convenience and necessity requires the said business to remain open after said time.'' And the power to successfully carry such a burden would seldom exist, for the ordinance expressly states that whether public convenience and necessity exist are matters with the ''discretion'' of the officials.

Reversed and appellant discharged.

*Roberds, P. J.,* and *Lee, Holmes* and *Ethridge, JJ.,* concur.