336 So.2d 776 (1976)
CITY OF JACKSON
v.
Edward LUCKETT et al.
No. 49127.
Supreme Court of Mississippi.
May 25, 1976.
Rehearing Denied August 31, 1976.
*777 John E. Stone, Jackson, for appellant.
Watkins & Eager, Jackson, for appellees.
Before GILLESPIE, C.J., and SUGG and WALKER, JJ.
GILLESPIE, Chief Justice, for the Court:
Edward Luckett, David Polk (Managers), and Great Atlantic & Pacific Tea Company and Kroger Company, operators of food stores in the City of Jackson, obtained from the Chancery Court of Hinds County a permanent injunction enjoining the City of Jackson from enforcing a recently enacted city ordinance limiting the sale of food on Sunday. The City appealed.
The case was submitted on the pleadings.
Mississippi Code Annotated section 97-23-67 (1972) provides:
On the first day of the week, commonly known as Sunday, it shall be unlawful for any person to sell or to offer for sale, or to employ others to sell or to offer for sale, or to engage in the business of selling or offering for sale, any wares or merchandise, goods or chattels, except the following:... food ... garden and lawn supplies.
Code section 97-23-75 provides:
The governing authorities of municipalities or the boards of supervisors of counties acting within areas outside of municipalities may by local ordinance duly adopted prohibit or limit in whole or in part the sale of the items hereinabove detailed, and the said authorities may likewise prescribe the hours within which such sales may be made, or within which said sales may be prohibited within their respective jurisdictions.
The ordinance in question was adopted September 3, 1975, and the pertinent portion of it reads as follows:
It shall be unlawful for any sales of food or food products or garden and lawn supplies to be made in the City of Jackson, Mississippi, on a Sunday, other than those items which shall be sold in an establishment with not more than 2400 sq. ft. of sales space and have not more than three employees at any one time, including the owner, operator or proprietor of such establishment, provided, however, that no sales of the aforesaid items may be made in the City of Jackson, Mississippi between the hours of one o'clock A.M. and twelve o'clock noon on a Sunday.
The disposition of the case requires the resolution of two basic issues.
*778 1. Does the City have the authority to limit the Sunday sale of food and garden supplies by limiting the size of the establishments which sell these items?
Appellees argue that the statute does not grant municipalities authority to limit the size of an establishment that the City may only prohibit or limit in whole or in part the sale of food on Sunday and that the classification with respect to the size of the establishment to be operated on Sunday is not authorized by the statute.
The foregoing arguments are based on the established rule that municipalities have only such authority to adopt ordinances as is expressly or impliedly given by the state, as held in Knight v. Johns, 161 Miss. 519, 137 So. 509 (1931), and King v. City of Louisville, 207 Miss. 612, 42 So.2d 813 (1949).
This Court has upheld Sunday closing laws in numerous cases and as late as last year in Genesco, Inc. v. J.C. Penney Co., 313 So.2d 20 (Miss. 1975). There is no doubt about the constitutionality of sections 97-23-67 and 97-23-75. The question is whether that part of the ordinance limiting the size of establishments selling food is authorized by the statutes.
Municipalities may exercise all powers which are reasonably necessary to give effect to the powers granted, and in so doing they have the choice of the means adapted to the ends, and are not confined to one method of operation,  this in the absence of a method prescribed by the statute itself." Hawkins v. City of West Point, 200 Miss. 616, 27 So.2d 549 (1946). See also City of Jackson v. McMurry, 288 So.2d 23 (Miss. 1974).
A limitation on the size of stores selling food necessarily limits the sale of food, limits the number of people engaged in selling food, and limits the number of people engaged in handling traffic and performing police duty in general. As noted in McGowan v. Maryland, 366 U.S. 420, 81 S.Ct. 1101, 6 L.Ed.2d 393 (1961), enforcement problems would increase if large retail establishments were permitted to remain open on Sundays.
We hold that the limitation on the size of establishments is a reasonable method of accomplishing the limitation of the sale of food and is a proper means adopted by the City to give effect to powers expressly granted.
2. Does the ordinance violate the principle of equal protection?
Appellees argue that because they operate large stores they are prevented from following a lawful business while persons operating an establishment containing 2400 square feet or less are allowed to remain open. It is contended that this constitutes denial of equal protection of the law. Appellees' argument is untenable for two reasons. First, the competition that the small stores can give to the large food stores, or supermarkets, is undoubtedly minimal. Secondly, the general rule is that municipal ordinances or regulations containing classifications will be upheld against the objection that they are discriminatory if any reason can be conceived to justify Jur.2d, Municipal Corporations, § 392 the classifications therein made. 56 Am. (1971). In section 390 of that text, it is said:
In order to declare a municipal ordinance invalid because it is unreasonable or unconstitutional, the invalidity must be clearly and satisfactorily shown, and must be palpable and manifest ... and where the evidence leaves the court in doubt as to the reasonableness of an ordinance, it seems that the doubt must be resolved in favor of the validity of the ordinance. A court will not hold an ordinance void as unreasonable where there is room for a fair difference of opinion on the question, even though the correctness of the legislative judgment may be doubtful and the court may regard the ordinance as not the best which might be adopted for the purpose.
*779 We find no reason to hold that the ordinance discriminates against the appellees.
The Legislature intended by the enactment of section 97-23-75 to grant municipalities and counties the authority to either prohibit the sale of food and garden supplies altogether or to limit such sales in such a way as to meet the needs of the particular community. We hold that the method chosen by the City is free from invidious discrimination and is a reasonable exercise of the power granted by the statute.
For the reasons stated, the chancery court erred in enjoining the enforcement of the ordinance and the decree is reversed and judgment entered here dismissing the bill of complaint.
REVERSED AND JUDGMENT HERE.
PATTERSON and INZER, P. JJ., and SMITH, ROBERTSON, SUGG, WALKER, BROOM and LEE, JJ., concur.
Rehearing denied; GILLESPIE, C.J., ROBERTSON, SUGG, WALKER and BROOM, JJ., concur.
PATTERSON, INZER, P. JJ., SMITH and LEE, JJ., dissent.