WILLIAM CRIGHTON v. HENRY DAHMER ET AL.

EQUITY JURISDICTION. *Injunction. Criminal prosecution.*

Equity has no jurisdiction to enjoin one from making affidavit charging a criminal offense. It is immaterial that the prosecution is alleged to be groundless, and that the defendant has threatened to continue to have the complainant arrested from day to day as a trespasser because of his occupancy of certain premises the possession of which the defendant claims.

FROM the chancery court of the second district of Chickasaw county.

HON. BAXTER MCFARLAND, Chancellor.

The case is stated in the opinion.

*W. J. Lacey,* for appellant.

As a bill to remove clouds, the bill was maintainable. 25 Mo., 153; 99 Mass., 209.

The defendant, Henry Dahmer, being left free to pursue his civil remedies, could not possibly be endangered by a retention of the injunction. It should have been retained until final hearing. High on Inj., §§ 902, 944; *Bowen* v. *Hoskins,* 45 Miss., 183; *Coleman* v. *Hudspeth,* 49 *Ib.,* 562.

The existence or non-existence of a remedy at law does not afford a test as to the right to relief in equity. 5 Wall. (U. S.), 74; *Irwin* v. *Lewis,* 50 Miss., 363.

When a court of equity has acquired jurisdiction for one purpose, it will administer full relief.

We admit that an injunction will not (except probably in rare cases) be granted to restrain criminal proceedings. Here we only ask that the appellees shall be restrained from abusing the process of law. See Hilliard on Inj., page 250, and note on page 251. *Mayor* v. *Pilkington,* 2 Atk., 302; *Morris* v. *Thomas,* 17 *Ib.,* 112.

Property rights are involved, and equity will confine liti-
gants to their proper remedies in civil tribunals. Abuse of
criminal process will not be tolerated. Appellant is lawfully
in possession, and, pending any controversy as to his right,
the defendant should not be allowed to prosecute him to
bankruptcy by successive arrests. The defendant can bring
forcible entry and detainer; but appellant, being in posses-
sion, has no remedy known to the law, if he is not entitled
to an injunction.

*Orr & Stockett*, for appellees.

This is an attempt to enjoin the state. The law is well
settled that the state and its criminal proceedings cannot be
enjoined. To restrain one from making an affidavit charg-
ing a criminal offense, is to enjoin the state from prosecuting
violators of the criminal law.

The appellant had an adequate remedy at law by appeal to
the circuit court. The injunction was properly dissolved.

COOPER, J., delivered the opinion of the court.

The appellant exhibited his bill in chancery against Henry,
Peter, Andrew and John Dahmer. He avers that John
Dahmer is the owner of a certain farm now occupied by
complainant, and, on the twenty-sixth day of November, 1891,
leased the same to one Delmont for the term of three years,
beginning January 1, 1892, and delivered possession thereof
to Delmont, who entered and occupied and held the same
until November 14, 1892, when he assigned the remainder of
his term to complainant, and put him in possession of the
farm. That complainant continued in the quiet and peace-
able possession of said farm until the ―― day of ――, 1892,
when, during his temporary absence, the defendants, Andrew
and Peter Dahmer, forcibly entered upon the premises, and,
by violence, broke into the residence then occupied by him,
in which action they were advised and directed by the de-
fendant, Henry Dahmer; that complainant, afterwards, and

in the absence of said trespassing defendants, re-entered and re-occupied, and yet holds possession thereof; that the defendant, Henry Dahmer, pretending at first to act as the agent of the defendant, John Dahmer, and, afterwards, as the lessee of the premises under the said John, caused complainant to be arrested on a charge of trespass, and now threatens to continue to have him arrested from day to day as a trespasser, because of his occupancy of said premises, and his refusal to deliver possession thereof to said defendant, Henry; that his purpose in so doing is to compel complainant to surrender possession of the premises, or to expend large sums of money in defense of said criminal prosecutions; that Henry Dahmer, if he has, or believes he has, any just right to the possession of said premises, could test the same by a civil proceeding; but that, knowing that he has no such right, he uses his pretended lease from the defendant, John, as a foundation to vex, harrass and annoy and oppress complainant, by resorting to criminal prosecutions against him; that said pretended lease casts a cloud upon the title of complainant to his term in the premises, and, in equity, should be canceled and annulled.

The prayer for relief is that said lease-claim by Henry shall be canceled, and that an injunction may issue, prohibiting the said defendants, or either of them, from instituting other criminal prosecutions against complainant, or from entering upon the premises without due process of law. An injunction was granted as prayed, and the defendants moved to dissolve the same upon the face of the bill. This motion was sustained, and the injunction dissolved, from which order the complainant has been granted an appeal to this court by the chancellor, in order that the principles involved may be settled by this court.

From the statement of the cause, it is apparent that the defendants, Andrew and Peter Dahmer, have, or claim, no sort of interest in the property in controversy, and there is no averment by which it appears that the defendant, John,

claims any present right to the possession thereof. As to these defendants, the bill is a pure and simple effort to enjoin the institution and prosecution of criminal prosecutions against complainant. The relief sought, as against the defendant, Henry, is somewhat further supported by the fact that a property right is in dispute between him and complainant, as to which a court of equity has jurisdiction to afford relief. If the complainant may not sustain his right to enjoin the defendant, Henry, from the prosecution of criminal charges against him, *a fortiori*, may he not find relief in equity, by injunction against such prosecutions by the other defendants.

A somewhat extended examination of the approved text-writers and of judicial decisions has disclosed no suggestion among the writers that the jurisdiction invoked may be exercised by courts of equity, nor have we found a decided case by which it is upheld, other than two cases decided by the judges of the district courts of the United States, sitting in equity upon the circuit, in which the jurisdiction of equity to enjoin criminal prosecutions has been pressed to great, and, as we think, unwarrantable, lengths. The cases to which we refer are *Bottling Co.* v. *Welch*, 42 Fed. Rep., 561, and *Lottery Co.* v. *Fitzpatrick*, 3 Woods, 222. In the first of these cases, prosecutions under a state law against unlawful retailing were enjoined, upon the ground that the complainant was engaged in interstate commerce; and, in the other, prosecution under a statute of Louisiana, forbidding the vending of lottery-tickets on the drawing of a lottery, on the ground that the state, by contract with the complainant, had granted to it the right to do the forbidden act. In neither case was there a pending suit involving property rights, but the bill in each was exhibited for the primary and original purpose of enjoining criminal prosecutions in the state court, and necessarily involved the power and jurisdiction of a court of equity to draw to itself the investigation of the guilt or innocence of the complainant of the offense, which was or

would be the question for investigation of the courts of the state having jurisdiction thereof.

We think no English case can be found of modern times, and no case in the United States, other than the two above noted, in which a court of equity has enjoined the prosecution of criminal proceedings. In *Mayor* v. *Pilkington*, 2 Atk., 302, the complainants had exhibited their bill in chancery to establish their sole right of fishery in the river Ouse. While the suit was pending, they caused the agent of the defendant to be indicted in the sessions at York, where there were judges, for breach of the peace in fishing in their liberty. On motion of the defendant, Lord Chancellor Hardwicke made an order restraining the plaintiff from proceeding at the sessions till the hearing of the cause. In *Kerr* v. *Corporation of Preston*, 6 Ch. Div., 467, Jessel, M. R., declared that, with the exception of *Mayor* v. *Pilkington*, there was no instance in which a court of equity had interfered in criminal cases, and that in *Saull* v. *Browne*, L. R., 10 Ch. App., 64, he had declined to follow that "doubtful decision," and, on appeal, his decision was affirmed.

Where an officer of a court, acting under its direction, tore down some houses which were the subject of litigation, one of the parties to the suit was restrained from proceeding criminally against him. *Turner* v. *Turner*, 2 Eng. Law & Eq., 130. The vice-chancellor, Lord Cranworth, declared the distinction to be an obvious one, for, while the court had no jurisdiction over an indictment in general, as over a mere civil proceeding, yet, when a court made an order in a cause over which it had jurisdiction, its execution could not be made the ground of a criminal prosecution by one of the parties, for the officer would be punished by the court if he failed to comply therewith. *Mayor* v. *Pilkington* and *Turner* v. *Turner* are the only English cases with which we are acquainted in which the prosecution of criminal proceedings has been restrained, and, in each, the relief was granted by a mere order of the court, acting upon parties to a pend-

ing suit, in which the court was proceeding, and not by injunction under the seal of the court. In *Saull* v. *Browne*, *supra*, the court refused to make an order restraining one of the parties from, at the same time, prosecuting a criminal proceeding. As against general criminal prosecutions, relief has uniformly been refused. *Montague* v. *Dudman*, 2 Ves., Sr., 396; *Holderstaffe* v. *Saunders*, 6 Mod., 16; *Attorney-general* v. *Cleaver*, 18 Ves., 211.

The supreme court of the United States, *In re Sawyer*, 124 U. S., 200, reviewed the decisions in England and America, and declared that there was no jurisdiction in chancery to enjoin prosecutions for crime, except in cases in which the order is made to restrain a party to a suit already pending before the court, and to try the same right that is in issue there. Sawyer, who had been arrested for contempt of the injunction of a federal court, was discharged on *habeas corpus*, upon the ground of an entire want of power in the court to grant the injunction.

There are many cases to be found, proceeding upon an obvious and clear distinction, in which courts of equity have enjoined acts affecting property rights, notwithstanding the fact that such acts might also be ground for indictment. To this class are to be assigned the cases of *Emperor of Austria* v. *Day*, 3 De Gex, F. & J., 217; *Spinning Co.* v. *Riley*, L. R., 6 Eq., 551. In the latter case the chancellor said: "The truth, I apprehend, is that the court will interfere to prevent acts amounting to crime, if they do not stop at crime, but also go to the destruction or deterioration of the value of property." To the same class belong numerous other decisions which rest upon the same principle, which is clear and easily distinguishable from that of enjoining the ordinary criminal prosecutions which affect the property rights more or less indirectly, and in which no jurisdiction can be taken in courts of equity. In the cases of *Bottling Co.* v. *Welch*, 42 Fed. Rep., 561, and *Lottery Co.* v. *Fitzpatrick*, authorities for the exercise of the jurisdiction in the one class were cited

as upholding it in the other; but it is notable that in neither case was a decision cited, either English or American, in which the precise point involved had been ruled in favor of the jurisdiction. In *Montague* v. *Dudman*, 2 Ves., Sr., 396, Lord Chancellor Hardwicke declared he was unable to discover a precedent for the exercise of the power, and said: " I will go by Littleton's rule, that it is a good argument, an action lies not, because one was never brought. I never knew a bill of this kind, and therefore will not make the precedent."

There are a few cases in which the enforcement of void municipal ordinances, the execution of which directly affected property rights, have been enjoined, and criminal prosecutions before the municipal authorities restrained. *City of Atlanta* v. *Gate City Gas-light Co.*, 71 Ga., 106; *Shinkle* v. *City of Covington*, 83 Ky., 420. But, with the exception of *Bottling Co.* v. *Welch* and *Lottery Co.* v. *Fitzpatrick*, we have found no decisions of any court that a bill in equity may be exhibited for the single purpose of enjoining criminal prosecutions, and against these decisions stand the unbroken line of decisions of all courts of authority.

*Judgment affirmed.*