Matthias, J.
There is but one question presented to this court and that is whether the decision of the Public Utilities Commission that it has no jurisdiction to regulate the operations of a private railroad upon private or leased property is erroneous.
The basis of the complaint is a claimed violation of Section 12557-1, General Code, which is as follows:
“It shall be unlawful for any common carrier owning or operating an engine or locomotive used to *516 switch cars, to operate such engine or locomotive handling cars in any railroad yard or on any railroad track within the limits of this state unless * * * manned with a full crew of competent employees, which crew shall consist of at least one engineer, one fireman, one conductor, and two helpers * *
It is well settled that the jurisdiction of the Public Utilities Commission- of this state is conferred only by statute and it has no authority beyond that thus conferred. That jurisdiction in the respect’ under consideration in. this case is defined and limited by the provisions of Sections 501, 502 and 503, General Code. These sections provide, in part, as follows:
Section 501. “The term ‘railroad’ as used in this chapter shall include all corporations * * * which owns, operates, manages or controls * * * as a common carrier in this state * * ”
Section 502. “This chapter shall apply to the transportation of passengers and property between points within this state, * * * to all railroad companies * * * which do business as common carriers, upon or over a line of railroad within this state, and to a common carrier engaged in the transportation of passengers or property * *
Section 503. “This chapter shall not apply to street and electric railroads * * * or other private railroads not doing business as common carriers.”
It is to be observed that these provisions limit the authority of the Public Utilities Commission to the supervision of common carriers and expressly exclude jurisdiction as to “private railroads not doing business as common carriers.”
The parties to this appeal concede that the River Terminal Railroad Company is a common carrier and a complaint was filed against that company. The Republic Steel Corporation is not a party to this pro *517 ceeding. The complaint in effect charges that the River Terminal Railroad Company is operating the equipment owned by the Republic Steel Corporation, and that the railroad company in such operation is violating the provisions of Sections 12557-1 to 12557-3, inclusive, General Code.
The question directly and specifically presented, therefore, is whether the operation of the equipment, owned or leased by Republic, within the limits of its plant upon tracks owned or.leased by it, such operation being by employees of the railroad company under the arrangement stated, makes the railroad company a common carrier as to such operation. It must be borne in mind that control and supervision of this equipment and of the crews operating such equipment are committed to and exercised by Republic; that, although the right to employ, dismiss or discipline such employees is retained by the railroad company, such employees while working on engines owned or leased by Republic are under the direct supervision of Republic ; and that Republic also has the power to determine whether the employees furnished are satisfactory and may require their discontinuance or removal.
It is stated in 9 American Jurisprudence, 448, Section 37, as follows: -
“The question as to whether a particular person or agency is or is not a common carrier is a mixed question of law and fact. What constitutes a common carrier is a question of law, but whether one charged with being a common carrier has by his conduct brought himself within that definition is a question of fact to be determined from the evidence in each case as it arises.”
The facts are not in controversy. The record shows • that as a matter of law the operation in question is not within the jurisdiction of the Public Utilities Commis *518 sion by reason of tbe fact that tbe railroad company is not engaged in an operation as a common carrier in respect toxtbe-operations within the limits of the Bepnblic plant. This case does not present a situation where a railroad company is using private tracks as a common carrier. Such an operation is clearly subject to the jurisdiction of the Public Utilities Commission. See Morgan Run Ry. Co. v. Public Utilities Commission, 98 Ohio St., 218, 120 N. E., 295.
The instant case presents a situation wherein a manufacturing corporation has established its own intraplant railroad and does no business which could in any way make it a common carrier. Indeed it is not urged that Bepublic is a common carrier. Such operations as it conducts are clearly exempt from regulations applicable to common carriers. Persons or corporations transporting their own property are neither common carriers nor private carriers for hire, and, therefore, not subject as such to regulations by the Public Utilities Commission of the state. Public Service Commission v. Kolb’s Bakery & Dairy, Inc., 176 Md., 191, 4 A. (2d), 130; Crane Iron Works v. United States, 209 F., 238. See, also, Crane Rd. Co. v. Central Rd. Co. of N. J., 248 Pa., 333, 93 A., 1076, and Dawkins Lumber Co. v. L. Carpenter & Co., 213 Ky., 795, 281 S. W., 1013.
Does the fact that the railroad company, pursuant to its contract with Bepublic, provide employees who operate the engines and equipment of Bepublic within the plant of the Bepublic serve to make that operation 1 subject to regulation by the commission? It is urged that special authority is conferred upon the commission in this case by reason of the provisions of Section 614-3, General Code. It provides as follows:
“The Public Utilities Commission of Ohio is hereby vested with the power and jurisdiction to supervise *519 and regulate ‘public utilities’ and ‘railroads’ as herein defined and provided and to require all public utilities to furnish their products and render all services exacted by the commission, or by law, and also to promulgate and enforce all orders relating to the protection, welfare and safety of railroad employees and the traveling public.”
The definitions of the terms, “public utilities,” and, “railroads,” as found in Sections 614-2a and 501, General Code, must be applied in ascertaining the meaning and effect of Section 614-3, General Code. As hereinbefore demonstrated, the word, “railroad,” means common carrier. It is only over such railroads that the Public Utilities Commission of the state has jurisdiction.
It is significant that, in the settlement of certain differences long existing between the railroad company and the various brotherhoods — engineers, fire.men and trainmen — a contract was entered into whereby it was agreed that the “crewing of engines” operated by the Republic Steel Corporation ‘ ‘ shall be performed by an engineer, fireman and two trainmen constituting a crew for each engine as Republic Steel Corporation in its discretion may require.”
The Public Utilities Commission did not err in its decision that it had no jurisdiction in the matter pre-. sented or in its order dismissing the complaint. Its order is, therefore, affirmed.

Order affirmed.

Weygandt, C. J., Turner, Hart, Zimmerman, Sohngen and Stewart, JJ., concur.