GOOSIC CONSTRUCTION COMPANY, A NEBRASKA CORPORATION, APPELLEE AND CROSS-APPELLANT, V. CITY NATIONAL BANK OF CRETE, NEBRASKA, APPELLANT AND CROSS-APPELLEE.

241 N. W. 2d 521

Filed May 5, 1976. No. 40312.

Jack L. Craven, for appellant.

Michael R. Johnson of Barney & Carter, for appellee.

Heard before WHITE, C. J., BOSLAUGH, NEWTON, and CLINTON, JJ., and REAGAN, District Judge.

REAGAN, District Judge.

This is an action on a contract for sale of personal property.

Appellant, hereafter referred to as City National, agreed to sell and deliver to appellee, hereafter called Goosic, a set of simplex concrete forms for the sum of $200, which Goosic paid. The forms had been repossessed at an earlier time by City National and were stored at another location. City National expressly warranted the simplex forms were free from encumbrance, and it would warrant and defend against claims of others.

When Goosic arrived at the storage location to receive the forms, a Mr. Roberts claimed a storage lien and refused to allow Goosic to take possession. Goosic notified City National of the situation. City National attempted, unsuccessfully, to secure a release from Roberts of his claimed lien. City National offered to rescind and return the purchase price to Goosic. Goosic refused. Roberts and the forms apparently disappeared, and this action for damages followed. Jury was waived, and the trial resulted in verdict and judgment of $1,320.45 in favor of Goosic. Appeals followed.

City National contends the risk of loss passed to Goosic at the time the bill of sale was delivered, and cites sections 2-401(3) (a) and 2-509(3), U. C. C. The rules announced in section 2-401, U. C. C., apply only to situations not covered elsewhere in the article. The provisions of section 2-509, U. C. C., apply only when there has been no breach. Neither section is applicable to this case.

No issue is raised as to Goosic's performance under the contract and the code. The question is whether City National performed its obligations. The contract and the code calls for the seller (City National) to transfer and deliver the forms. § 2-301, U. C. C. Place of delivery was to be the storage location, since both parties knew and contemplated Goosic would pick them up there. § 2-308(b), U. C. C. "Delivery" is the voluntary transfer of possession. § 1-201(14), U. C. C. Delivery may also be defined as an act by which a seller parts with possession, and a buyer acquires possession. Public Service Commission v. Kolb's Bakery & Dairy,

Inc., 176 Md. 191, 4 A. 2d 130 (1939). Delivery occurs whenever a seller does everything necessary to put goods *completely and unconditionally* at buyer's disposal. Fox v. Young (Tex. Civ. App.), 91 S. W. 2d 857 (1936). "Tender of delivery" requires the seller to put and hold conforming goods at buyer's disposition. § 2-503(1), U. C. C.

The evidence supports a finding City National neither tendered a delivery, nor delivered, the forms to Goosic.

For a delivery, or tender, to be effective, it must enable the buyer or his agents to take possession of the goods in a peaceful manner and without interference. Fox v. Young, *supra.*

The contract in this case also contained express warranties by City National that the forms were free from encumbrance, and it would warrant and defend against the demands of all other persons. § 2-313, U. C. C. Upon being advised by Goosic, City National attempted to secure a release of Roberts' claimed storage lien. After an unsuccessful attempt, City National offered to return the purchase price to Goosic. The evidence is sufficient to sustain a finding City National breached either, or both, of the above expressed warranties. Appellant's other assignments of error are without merit.

Goosic has cross-appealed, contending the judgment is contrary to law and not sustained by sufficient evidence in that the assessment of recovery is too small. Testimony as to value of the forms varied. Although Goosic correctly cites applicable provisions dealing with recoverable damages, the verdict was well within the range of permissible awards. Findings of a trial court, having the same effect as a jury verdict, are not to be disturbed on appeal unless clearly wrong.

The judgment of the District Court is affirmed.

AFFIRMED.