394 So.2d 1374 (1981)
Jack WARD, A.W. Cagle & Calvin D. Cagle
v.
MERCHANTS & FARMERS BANK, Conservator of Estate of Harley C. Lovelace.
No. 52406.
Supreme Court of Mississippi.
March 11, 1981.
*1375 Jim Waide, West Point, for appellant.
William Ward, Starkville, for appellee.
Before Patterson, C.J., and SUGG and WALKER, JJ.
PATTERSON, Chief Justice, for the Court:
This is an appeal from an order of the Chancery Court of Oktibbeha County sustaining a demurrer to appellants' amended complaint. The appellants contend the court erred because the complaint sufficiently alleged a cause of action based upon a violation of the Uniform Commercial Code.
On May 14, 1978, the appellants purchased personal property in the amount of $42,500.00 from Merchants & Farmers Bank, which was acting as conservator of the estate of Harley Lovelace. Previously, on December 28, 1977, the real property on which this personal property was located had been sold to Gerald Nelson and George Delivorias. Their deed to the real property stated in part:
Grantor retains, for a period of one year from the date hereof, the non-exclusive right to allow personal property and belongings of the Conservatorship estate, to remain on the fenced in yard outside the shop and office building, and to remove the same within such period.
The appellants contend that in August, 1978, Delivorias refused them access to a substantial amount of the personal property they had purchased. Therefore, the appellants filed suit for replevin of their property in circuit court. Subsequently, the suit was transferred to chancery court, where the Chancellor sustained the Bank's demurrer to the amended complaint.
In our opinion, the amended complaint set forth a cause of action under Section 75-2-503 of the Mississippi Code Annotated (1972). Therefore, the demurrer should not have been sustained. Section 75-2-503 states in pertinent part:
(1) Tender of delivery requires that the seller put and hold conforming goods at the buyer's disposition and give the buyer any notification reasonably necessary to enable him to take delivery.
It has long been the rule in considering a demurrer that the facts alleged in the complaint must be taken as true. E.g., Brown v. Elton Chalk, Inc., 358 So.2d 721 (Miss. 1978); Poole v. Brunt, 338 So.2d 991 (Miss. 1976).
In our opinion, the amended complaint, taken as true, alleges two breaches of Section 75-2-503. First, the Bank failed to put and hold the goods at the buyer's disposition. As stated in the amended complaint, the appellants were not allowed to take possession of the property. An analogous case is Goosic Construction Company v. City National Bank of Crete, 196 Neb. 86, 241 N.W.2d 521 (1976). In Goosic, City National Bank agreed to sell Goosic a set of concrete forms which were in storage. When Goosic attempted to take possession of the forms, a third party refused, claiming a storage lien. The court allowed Goosic to recover against the bank because tender of delivery required the bank to put and hold the goods for Goosic. The court stated:
The evidence supports a finding City National neither tendered a delivery, nor delivered, the forms to Goosic.
For a delivery, or tender, to be effective, it must enable the buyer or his agents to take possession of the goods in *1376 a peaceful manner and without interference. 196 Neb. at 88, 241 N.W.2d at 522.
Secondly, the Bank failed to give the appellants notification reasonably necessary for them to take delivery. The appellants allege the Bank did not inform them that the time for removing the personal property, as provided for in the real property deed, would expire on December 28, 1977. The Bank contends in its answer the appellants were given notice of this time limit. However, the complaint must be taken as true for the purposes of the demurrer, leaving the fact issue to be decided in a hearing on the merits.
In sum, Section 75-2-503 requires the seller to hold the goods at the buyer's disposition and to give such buyer notice necessary for him to take delivery. The appellants' complaint, which must be taken as true, states the appellants were prevented from taking possession of the goods, and that the Bank did not inform them there was a one year time limitation in the real property owner's deed for removal of the goods. These facts are a violation of Section 75-2-503. Therefore, the court erred in sustaining the demurrer.
REVERSED AND REMANDED.
SMITH and ROBERTSON, P. JJ., and SUGG, WALKER, BROOM, LEE, BOWLING and HAWKINS, JJ., concur.