409 So.2d 707 (1982)
James ANDREWS, Z.B. Fry, Tommy Akers, Carl Kelly and John Ferguson, Supervisors of Warren County, Mississippi, Paul Barrett, Sheriff, Otto Brannan, Justice of the Peace District # 5
v.
WASTE CONTROL, INC.
No. 53225.
Supreme Court of Mississippi.
February 3, 1982.
*708 Ellis, Braddock & Bost, Gerald E. Braddock, Vicksburg, for appellants.
Varner & Parker, R.E. Parker, Jr., David M. Sessums, Vicksburg, for appellee.
Before PATTERSON, C.J., and BROOM and DAN M. LEE, JJ.
DAN M. LEE, Justice, for the Court:
This is an appeal from the Chancery Court of Warren County wherein the Warren County Board of Supervisors, Paul Barrett, the Sheriff of Warren County, and Otto Brannan, respondents/appellants, were enjoined from enforcing a resolution passed on September 7, 1976, which restricted maximum weight of vehicles traveling on Halls Ferry Road, Warren County, Mississippi, to 30,000 pounds. The chancellor found the resolution and ordinance arbitrary and unreasonable in that the board of supervisors failed to follow the statutory guidelines of Mississippi Code Annotated section 65-7-45 (1972) as to both load limits and tire widths. Aggrieved of these findings, appellants prosecuted this appeal with supersedeas and assign the following errors:
1. The lower court erred in overruling appellants' demurrers.
*709 2. The lower court erred in overruling appellants' motion at the conclusion of appellee's case to exclude the evidence of appellee and dismiss appellee's bill and enter judgment for appellants.
3. The decree of the lower court ordering the issuance of a prohibitory injunction was contrary to the law and evidence and the decree of the lower court was an abuse of discretion and manifest error.
4. The lower court erred in refusing to sustain appellants' pleas in bar.
5. The lower court erred in finding the ordinance of the Board of Supervisors of Warren County, Mississippi, was enacted without authority of law, and in decreeing that a prohibitory injunction issue.
Waste Control, Inc. (appellee) is in the business of hauling and disposing of waste products from various commercial and industrial establishments in Warren County. Since 1975 Waste has been hauling refuse for U.S. Rubber and depositing it on the private property owned by Herbert A. Downey, who is also the president of Waste Control, Inc., which property is located at the south end of Halls Ferry Road. The refuse is transported in an 18-wheeled vehicle weighing approximately 30,000 pounds empty and 57,000 pounds fully loaded.
On September 7, 1976, the board adopted a resolution imposing a 30,000-pound weight limit to prevent damage and protect Halls Ferry Road. Although Jimmy Andrews, a member of the board of supervisors and one of the appellants here, did not personally know whether any tests were conducted, he asserted that the weight restriction was based on recommendation from an engineer. Andrews could not relate a similar road to Halls Ferry with 30,000-pound weight limit and admitted it was the only road in the county with a 30,000-pound limit except for 20,000-pound limits over certain bridges in the county.
Waste received citations for exceeding the weight limit on Halls Ferry Road on September 22, 1976, January 11, 1981, and January 21, 1981. Witnesses asserted that others traversed Halls Ferry Road frequently exceeding the weight restriction and without receiving citations. In any event, Waste has continued to use the road without regard to the 30,000-pound weight limit in hauling refuse from the plant operated by U.S. Rubber.
At the conclusion of the hearing, the chancellor found the weight restriction arbitrary and unreasonable in that the board failed to follow the statutory guidelines of Mississippi Code Annotated section 65-7-45 (1972) and "further, that the resolution in question deals with the singular issue of weight limits, whereas Section 65-7-51 specifies that the authority delegated by the legislature to the prospective boards of supervisors deals with, not the singular power to limit weights, but the combination of tire widths and weights, and the regulation in question therefore, does not come within the purported authority granted by the legislature in that it tends to limit maximum weights only."
The first assignment of error is that the court erred in overruling appellants' demurrers. There were seven demurrers filed, one for each of the members of the board of supervisors and one for the sheriff and the justice court judge. These demurrers were identical as to their grounds, as follows: "Petitioner's petition for injunction states no cause of action against the respondent and there is no equity on the face of the petition, and the petition for injunction of petitioner, Waste Control, Inc., should be dismissed with prejudice at the cost of the petitioner, Waste Control, Inc." The learned chancellor overruled these demurrers and this Court is unable to find error thereasto because the rule is that all things pled in the petition must be taken as true and the sole question is, does the petition allege a cause of action? We cannot say that the petition, if taken as true, did not allege a cause of action. Ward v. Merchants & Farmers Bank, 394 So.2d 1374 (Miss. 1981); Downs v. Corder, 377 So.2d 603 (Miss. 1979); Ervin v. United States Fidelity & Guaranty, 365 So.2d 1208 (Miss. 1978); and Robinson v. Martel Enterprises, Inc., 337 So.2d 698 (Miss. 1976).
*710 Perhaps it would be more concise for this Court to consider assignments of error No. 1 and No. 4 together because they raise jurisdictional questions. No. 1 states that there is no equity on the face of the petition, and Assignment No. 4 says, the court erred in refusing to sustain appellants' pleas in bar. The first plea in bar was that the chancery court had no jurisdiction. The very able brief of appellants presents the question of jurisdiction of the chancery court in actions which should be confined to the law courts, particularly the criminal courts. The question of jurisdiction of the chancery court to enjoin the board of supervisors from enforcing what is contended to be an invalid ordinance or resolution of the board, and further to enjoin the sheriff and the justice court judge from issuing citations and imposing a criminal penalty, is very well argued in appellants' brief. Jurisdiction, being a threshold question, will be disposed of first.
The jurisdiction of the chancery court to enjoin the prosecution of criminal law violations is not to be favored and generally the chancery court, a court of equity, should be encouraged to refrain from exercising jurisdiction in such cases. The appellee was given three tickets in violation of the ordinance limiting the weight to 30,000 pounds, one in 1976 and two in 1981. The question here is whether the weight limitation diminishes or deprives appellee of the use of a public road and effectively denies appellee the full use, benefit and enjoyment of his privately-owned real estate used to dump refuse from U.S. Rubber Company under a contractual agreement so as to bring this case within those holding the chancery court has jurisdiction.
It is contended by the appellants that the facts in this case are so similar to those in Pleasants v. Smith, 90 Miss. 440, 43 So. 475 (1907), that it is on all fours with the case at bar. Pleasants dealt with the use of a megaphone on the streets of Clarksdale calling attention to the wares of a merchant wherein it was contended that the loud and unusual noises were in violation of the ordinance of Clarksdale prohibiting a willful disturbance of the peace and quiet of said town. This Court affirmed the chancellor, who denied the injunction on jurisdictional grounds, in an opinion by Chief Justice Whitfield, as follows:
The chancery court had no jurisdiction whatever in this cause. There are no property rights involved, in any proper sense of the word "property." The constitutionality of the ordinance, if it is assailed, can be determined in the law court. Whether, if constitutional, the appellant is guilty or not, is a question exclusively of criminal jurisdiction, with which equity has nothing to do. The case is wholly unlike Quintini v. Board of Mayor and Marshal of Bay St. Louis, 64 Miss. 483, 1 South., 625, 60 Am.Rep., 62 for there property rights in real estate were directly involved. The case falls squarely within the case of Crighton v. Dahmer, 70 Miss. 602, 13 South., 237, reported in 35 Am.St.Rep., 666, with notes. And see, same case and notes, 21 L.R.A., 84. The general principle insisted upon by the learned counsel for the appellant may be conceded  the principle announced in the case of Quintini v. Bay St. Louis, supra; but in no possible legal view can the appellant be said to have involved here any proper (sic) rights, or to be subjected to any irreparable damage.
(90 Miss. at 449-50, 43 So. at 476)
In Crighton v. Dahmer, 70 Miss. 602, 13 So. 237 (1893), this Court stated:
There are many cases to be found, proceeding upon an obvious and clear distinction, in which courts of equity have enjoined acts affecting property rights, notwithstanding the fact that such acts might also be ground for indictment. To this class are to be assigned the cases of Emperor of Austria v. Day, 3 DeGex, F. & J., 217; Spinning Co. v. Riley, L.R., 6 Eq., 551. In the latter case the chancellor said: "The truth, I apprehend, is that the court will interfere to prevent acts amounting to crime, if they do not stop at crime, but also go to the destruction or *711 deterioration of the value of property." ...
(70 Miss. at 607, 13 So. at 238)
Concluding in Crighton, supra, this Court stated in affirming the chancellor:
There are a few cases in which the enforcement of void municipal ordinances, the execution of which directly affected property rights, have been enjoined, and criminal prosecutions before the municipal authorities restrained. City of Atlanta v. Gate City Gas-light Co., 71 Ga., 106; Shinkle v. City of Covington, 83 Ky., 420. But, with the exception of Bottling Co. v. Welch and Lottery Co. v. Fitzpatrick, we have found no decisions of any court that a bill in equity may be exhibited for the single purpose of enjoining criminal prosecutions, and against these decisions stand the unbroken line of decisions of all courts of authority.
(70 Miss. at 608, 13 So. at 238) (emphasis added.)
The relief sought in the petition for injunction of appellee in no wise restricts itself to the enjoining of criminal prosecution but to the contrary, in paragraph VI, that the said ordinance has been unconstitutionally and "illegally enforced solely against the petitioner herein invidiously discriminating against petitioner," denies Waste utilization of the private landfill available to petitioner, denies the use of a portion of Halls Ferry Road from the intersection of Goodrum Road to the terminus of Halls Ferry Road which is approximately 2.8 miles in distance, which must be utilized by Waste to transport and deposit the waste products which it has contracted to remove.
In Paragraph XI appellee alleged deprivation of the use of Halls Ferry Road for ingress and egress to the public landfill operated by Warren County Board of Supervisors. The petition further charges that appellee's land would be landlocked, would destroy its business and unless enjoined will cause irreparable damage and destruction of said business. Therefore, the case sub judice falls in a category or class of cases that this Court spoke to in Knight v. Johns, 161 Miss. 519, 137 So. 509 (1931), in which the City of Clarksdale adopted an ordinance forbidding barbershops to be open before 7:30 in the forenoon, and/or to remain open for business after the hour of 6:30 in the afternoon, wherein the chancellor granted an injunction. In Knight the Court said:
One of the appellant's contentions is that an injunction will not lie to restrain prosecutions for the commission of crime.
An injunction will not ordinarily lie to restrain prosecutions for the commission of crime, but will lie in that "class of cases wherein the exercise of property rights is sought to be interfered with by repeated prosecutions under a void ordinance or statute." Edwards v. DeVance, 138 Miss. 580, 103 So. 194, 195; Fitzhugh v. City of Jackson, 132 Miss. 585, 97 So. 190, 33 A.L.R. 279; Quintini v. Bay St. Louis, 64 Miss. 483, 1 So. 625, 60 Am.Rep. 62, Johnson v. Philadelphia, 94 Miss. 34, 47 So. 526, 19 L.R.A. (N.S.) 637, 19 Ann. Cas. 103.
(161 Miss. at 525-26, 137 So. at 510)
* * * * * *
The court below committed no error in enjoining the appellant from continuing to arrest the appellee for violation of the ordinance; ...
(161 Miss. at 527, 137 So. at 510)
This Court likewise adhered to the same reasoning in the zoning case of Brooks v. City of Jackson, 211 Miss. 246, 51 So.2d 274 (1951).
The case sub judice involves an alleged discrimination of use of Halls Ferry Road, rights to use the property to the maximum benefit of the owner and other so-called rights. This Court believes that it cannot therefore fit the facts of this case into the rule of law announced by Pleasants, supra, and Crighton, supra, which in effect hold that the injunction sought must have been for the single purpose of enjoining criminal prosecutions. We do not reach a decision specifically defining what are property rights as they relate to the use of Halls Ferry Road because it is not necessary in this case.
*712 The next assignments of error are Nos. 2 and 5 which will be treated together for they are relating to the same subject and are treated by the appellants and the appellee in their briefs as Proposition II. Assignment of error No. 2 provides:
The lower court erred in overruling appellants' motion at the conclusion of appellee's case to exclude the evidence of appellee and dismiss appellee's bill and enter judgment for appellants.
Assignment of error No. 5 provides:
The lower court erred in finding the ordinance of the Board of Supervisors of Warren County, Mississippi was enacted without authority of law, and in decreeing that a prohibitory injunction issue.
The learned chancellor entered his decree which stated in part as follows:
That the resolution passed by the Warren County Board of Supervisors dated September 10, 1976, limiting the maximum weight of vehicles traveling on Halls Ferry Road in Warren County, Mississippi is arbitrary and unreasonable in that Defendants did not follow the provisions of § 65-7-45 of the Mississippi Code Annotated (1972), and further, that the resolution in question deals with the singular issue of weight limits, whereas § 65-7-51 of the Mississippi Code Annotated (1972) specifies that the authority delegated by the legislature to the prospective Boards of Supervisors deals with, not the singular power to limit weights, but the combination of tire widths and weights, and the regulation in question therefore, does not come within the purported authority granted by the legislature in that it attempts to limit maximum weights only.
The boards of supervisors of the several counties have full jurisdiction over roads within their counties, except where the legislature designated certain highways as state highways. Mississippi Constitution, Article 6, section 170 (1890) provides:
Each county shall be divided into five districts, a resident freeholder of each district shall be selected, in the manner prescribed by law, and the five so chosen shall constitute the board of supervisors of the county, a majority of whom may transact business. The board of supervisors shall have full jurisdiction over roads, ferries, and bridges, to be exercised in accordance with such regulations as the legislature may prescribe, and perform such other duties as may be required by law; provided, however, that the legislature may have the power to designate certain highways as "state highways," and place such highways under the control and supervision of the state highway commission, for construction and maintenance. The clerk of the chancery court shall be the clerk of the board of supervisors. (emphasis added.)
See also Mississippi Code Annotated section 19-3-41 (1972).
This grant of jurisdiction must be exercised in accordance with such regulations as the legislature may prescribe, the board of supervisors having no authority other than that delegated to it by the legislature. H.K. Porter Co., Inc. v. Board of Supervisors of Jackson County, 324 So.2d 746 (Miss. 1975).
The controversy in the present case evolves around the construction of Sections 65-7-43 and 65-7-45. The board contends it has authority to restrict weight loads on county roads by virtue of Section 65-7-43, without regard to tire width as prescribed by Section 65-7-45.
Section 65-7-43 was enacted in 1906 and provides:
The board of supervisors of any county may declare what is or may be an unusual or uncommon load or weight to be conveyed on or over the roads, bridges, or approaches of any bridges in the county, shall have power to protect their roads and bridges from any unusual or uncommon use where the same is likely to injure or impair their usefulness as public highways, and may recover damages for injuries. (emphasis added.)
In 1918 the legislature passed what is now Sections 65-7-45 through 67-7-51, inclusive. The act was entitled:

*713 AN ACT to prevent damage to the public roads and bridges by overloaded vehicles, and to authorize the board of supervisors of the various counties in the state to regulate traffic thereon, and prescribing penalties for violation, etc.
Section 65-7-45 provides:
The board of supervisors of any county in this state may, at the discretion of such board, by order spread on its minutes, regulate the width of tires and maximum load of any vehicle using the public roads and bridges of such county, or any section or length of any public road, or any particular bridge in such county; but such order shall, before being in full force and effect, be first published in a newspaper published in the county for three consecutive weeks, whereupon such resolution shall be in force and effect. (emphasis added.)
This statute is written in the conjunctive rather than disjunctive; therefore, the phrases concerning the tire width and maximum load must be construed jointly, relating to each other. Myrtle v. St. Louis-San Francisco Ry Co., 239 Miss. 110, 121 So.2d 717 (1960). Moreover, this Court has generally stated the several boards of supervisors are held to the strictest limitations of their powers. Adams v. Bank, 103 Miss. 744, 60 So. 770 (1912). They can do valid acts only consistent with such regulations as the legislature may prescribe. H.K. Porter Co., Inc. v. Bd. of Supervisors of Jackson County, supra.
While Section 65-7-45 provides for publication of the order, Section 65-7-43 does not; however, the board in the present case published its resolution in the manner prescribed by Section 65-7-45. Section 65-7-47 merely prescribes the penalty for violation and is styled "Penalty for violating load and tire regulations." Section 65-7-49 provides for the posting of notices where such regulations have been imposed. Section 65-7-51 provides that the form of such notice be in both tire width and pounds, and follows:
The notice provided in section 65-7-49 shall be substantially as follows: Notice.
Maximum load, including vehicle, permitted on the road or bridge 

 On tires two inches in width or less _____ lbs.
 On tires two to three inches in width ____ lbs.
 On tires three to four inches in width ___ lbs.
 On tires four to six inches in width _____ lbs.
 On tires six to ten inches in width ______ lbs.
 On tires over ten inches in width ________ lbs.

When different code sections deal with the same subject matter, these sections are to be construed and interpreted not only so they harmonize with each other but also where they fit into the general and dominant policy of the particular system of which they are part. Ashcraft v. Board of Supervisors of Hinds County, 204 Miss. 65, 36 So.2d 820 (1948). Courts may also consider the several acts of the legislature touching the subject matter in order to ascertain the legislative intent in the several acts. McAfee v. Southern R. Co., 36 Miss. 669 (1859). In McCrory v. State, 210 So.2d 877 (Miss. 1968), this Court stated:
It is a fundamental rule of statute construction that when two statutes encompass the same subject matter, one being general and the other specific, the latter will control. 1 Sutherland, Statutory Construction § 2022 (3rd ed. 1943). (210 So.2d at 877-78)
Based on the foregoing, this Court believes that Sections 65-7-43 and 65-7-45 must be read together with the latter controlling in more particular terms. Therefore, the chancellor was correct in enjoining enforcement of the board's resolution since the weight restriction was imposed without regard to tire width as required by Section 65-7-45. However, nothing contained herein should be construed to limit the board's power to regulate weight limitations over roads within its jurisdiction provided the language of the statute is strictly complied with as to both width of tires and maximum load.
There still remains Assignment of Error No. 3 which is, the decree of the lower court ordering the issuance of a prohibitory injunction was contrary to the law and evidence and the decree of the lower court was an abuse of discretion and manifest *714 error. We cannot say from this record that there was manifest error which would be required for us to reverse the chancellor. Cases are legion that a chancery judge is the trier of the facts and this Court cannot reverse unless there is manifest error. Wilson v. Planters Bank of Tunica, 383 So.2d 1089 (Miss. 1980); O.J. Stanton & Co. v. Mississippi State Hwy. Com'n, 370 So.2d 909 (Miss. 1979).
For the foregoing reasons the decree of the Chancery Court of Warren County should be and the same is hereby affirmed without prejudice as to appellants' right to pass a new resolution encompassing both width of tires and maximum load.
AFFIRMED.
PATTERSON, C.J., SMITH and SUGG, P. JJ., and WALKER, BROOM, ROY NOBLE LEE, BOWLING and HAWKINS, JJ., concur.