ROY NOBLE LEE, Presiding Justice, for the court:
Edgar E. Smith, III appeals from a decree of the Chancery Court, Yalobusha County, establishing in favor of Hattie M. McCracken, Catherynne Furr and Thomas Perkins, as the last will and testament of Sidney Erath Perkins, deceased, an instrument presented by them. The decree also held two instruments presented by Smith as a deed and will purported to be executed by Perkins, to be invalid and void.

Introduction

Hattie M. McCracken, Catherynne Furr and Thomas Perkins were the sisters and brother of Sidney Erath Perkins, who died December 13,1979. Edgar E. Smith, III, is his great nephew. The sisters and brother are also Perkins’ sole heirs-at-law.
On January 20, 1970, Perkins executed a last will and testament leaving all his property, real and personal, to the appellees. On January 26, 1977, he executed another last will and testament leaving his entire estate to appellant. On July 22, 1979, Perkins executed a will leaving all of his property to appellant, and, on August 17, 1979, Perkins signed a deed conveying to appellant two hundred twenty-five (225) acres of land for ten dollars ($10.00) plus love and affection. On the same date, Perkins and appellant entered into a contract whereby appellant agreed to support and care for Perkins during his lifetime. On September 5, 1979, Perkins executed a contract with Howell Realty Company to sell the same property^ 225 acres of land, for the price of five hundred dollars ($500.00) an acre.
Prior to, during and after the execution of the above instruments, from time to time, Perkins drew and signed approximately eight (8) other will instruments. On September 5,1979, Perkins executed a power of attorney to appellee Hattie McCracken. On September 28, 1979, Perkins, together with appellant and another relative, filed a petition for appointment of appellant as his conservator, and an order was entered the same day on the appointment. A petition for removal of the conservator and appointment of a special guardian was filed October 22, 1979, by appellee Hattie McCracken, alleging wrongful conversion of Perkins’ property.
On January 21,1980, Perkins having died December 13, 1979, appellant filed a petition for probate of the will dated July 22, 1979, devising and bequeathing all Perkins’ property to .appellant. On January 23, 1980, Hattie McCracken filed a petition for probate of the will dated January 20, 1970, which devised and bequeathed all Perkins’ property to the appellees. Instruments were filed by the respective parties contesting those wills. The pleadings were designated as Cause No. 80-01-07.
In this state of confusion, the chancellor consolidated the petitions involving contests of the two wills, Cause No. 80-01-07, and the conservator action, Cause No. 79-09-60, which involved the validity of the deed purportedly conveying 225 acres to appellant. The trial proceeded for the purpose of determining between the two wills which was the true last will and testament of Perkins, and whether or not the deed of conveyance was valid. After a lengthy trial, consisting of eight (8) volumes, the lower court held (1) that the deed of convey- *838 anee dated August 17, 1979, from Perkins to appellant is invalid and was cancelled as such; (2) the instrument purporting to be the last will of Perkins dated July 22, 1979, was invalid and the petition to probate the will filed by appellant was dismissed; and (3) the will instrument dated January 20, 1970, presented for probate by appellee Hattie McCracken was found to be the true last will and testament of Perkins and admitted to probate. All other matters were dismissed.

The Questions

The appellant has assigned seven (7) errors in the trial below. We address only four (4) of those assignments in reaching a decision in the case.
I.DID THE LOWER COURT ERR IN FINDING THAT THE APPEL-LEES HAD STANDING TO CONTEST THE CONSERVATORSHIP AND THE DEED?
II.DID THE LOWER COURT ERR IN ALLOWING THE JOINDER OF THE CASES WHEREIN THE PARTIES DID NOT HAVE THE SAME INTEREST FROM CASE TO CASE?
The parties waived trial by jury and the case was heard and decided by the lower court sitting as the chancellor. There were three issues before the lower court, e.g., (1) the validity of the 225-acre deed; (2) the validity of the January 20, 1970, will; and (3) the validity of the July 22, 1979, will. The record indicates that the parties entered into the trial with the purpose in mind of resolving those three principal issues, which went to the heart of the lawsuit. The appellant and the appel-lees litigated their respective positions on each question which were adverse to each other. The lower court, having taken jurisdiction under the peculiar acts and circumstances of this controversy, properly proceeded to a resolution and decision involving them. It did not commit reversible error in doing so. Kountouris v. Varvar-is, 476 So.2d 599 (Miss.1985); Murray v. Laird, 446 So.2d 575 (Miss.1984); Hendricks v. James, 421 So.2d 1031 (Miss. 1982).
III. DID THE LOWER COURT ERR IN IGNORING OTHER, PRIOR AND CONSISTENT WILLS AND RESTRICTING PARTIES TO ONE WILL PER PROPONENT?
IV. DID THE LOWER COURT ERR IN FINDING THAT THE AUGUST 17, 1979, DEED WAS VOID; THAT THE JULY 22, 1979, WILL WAS VOID; AND THAT THE JANUARY 20, 1979, WILL WAS VALID?
The appellant contends and argues that the lower court permitted him to present and propound only one will, for probate e.g., the July 22, 1979, will. The record does not so indicate. The parties agreed and stipulated into the record that the only issues in the case as to wills were the two wills mentioned hereinabove. Further, the parties agreed that dictation into the record of those issues was satisfactory without reducing the stipulation to a separate written instrument. (Appendix I)
Counsel for appellant introduced into evidence the January 26, 1977, will for the sole purpose of identifying the signature of Perkins and in order to show that the 1979 will was a continuation of that earlier will. Furthermore, the petition for probate of the Perkins will filed by appellant, referred only to the July 22, 1979, will. There was no petition for probate of any other will by appellant.
The lower court heard extensive testimony, both lay and medical, as to the mental capacity of Perkins at the time he executed the July 29,1979, will, the August 17, 1979, deed, and the January 26, 1977, will. On conflicting evidence, the chancellor found and held that Perkins was mentally incapacitated to execute the July 22, 1979, will, leaving all of his property to appellant, and the August 17, 1979, deed, purportedly conveying 225 acres of land to appellant. Likewise, he found and held on *839 conflicting evidence that the July 20, 1970, will presented by appellees for probate was a true and accurate last will and testament of Perkins, and he ordered that will admitted to probate. From a review of the entire record, we cannot say that the chancellor was manifestly wrong in his finding of fact and in such holding. Goodwin v. McMurphy, 435 So.2d 639 (Miss.1983); Andrews v. Waste Control, Inc., 409 So.2d 707 (Miss.1982); O.J. Stanton and Co., Inc. v. Mississippi State Hwy. Comm’n, 370 So.2d 909 (Miss.1979); Richardson v. Riley, 355 So.2d 667 (Miss.1978); McCal-lum v. Laird, 244 Miss. 273, 142 So.2d 32 (Miss.1962).
We have examined and considered the other assignments of error and are of the opinion that either there is no merit in them, or the decision on the four assignments of error hereinabove set forth sufficiently disposes of them. Therefore, the judgment of the lower court is affirmed.
AFFIRMED.
PATTERSON, C.J., WALKER, P.J., and HAWKINS, DAN M. LEE, PRATHER, ROBERTSON, SULLIVAN and ANDERSON, JJ., concur.
APPENDIX I
THE COURT: Gentlemen, have you, together, during the recess we have taken for this purpose, arrived at, agreed upon, and ready to dictate into the record, the issues to be tried in this case?
MR. SMITH: At this time.
THE COURT: At this time.
MR. SMITH: Some issues have already been tried or otherwise disposed of. Just the remaining issues.
THE COURT: Yes, sir. But to the will contest that we are getting ready to embark upon.
MR. SMITH: Yes, sir.
THE COURT: Mr. D. Briggs Smith, you are recognized.
MR. SMITH: Thank you. The first issue is, is the will dated July 22, 1979, the valid
Last Will and Testament of Sidney E. Perkins, or is it invalid as a result of mental incapacity and/or undue influence? And the same thing would be true, and you just restate it exactly, except we change the date to January 20, 1970.
THE COURT: Gentlemen: That is to say, Mr. Whitten, Mr. Peeples, do y’all agree that those are the issues at this time?
MR. WHITTEN: Yes, we do, your Hon- or.
MR. PEEPLES: Yes, sir, at this time.
THE COURT: All right, sir. Gentlemen, I thank you for this. Do y’all see any need for reducing this to writing, or will y’all agree that the dictation into the record will suffice?
MR. PEEPLES: It is satisfactory to us.
MR. WHITTEN: We have no objection to the dictation.
MR. SMITH: We concur.
THE COURT: So, y’all agree that that which has been dictated into the record is [sic] the issues, and you waive any requirement or necessity or any objection for it not being in writing?
MR. SMITH: Yes, sir.
MR. WHITTEN: Yes, your Honor.
THE COURT: All right. Now, gentlemen, are y’all ready?